CC: TO JUDGE

CHIEF JUDGE COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.

AHMED RESSAM,

    Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO.  CR99-666C

DEFENDANT'S MOTION TO
SUPPRESS EVIDENCE OF ALL
CUSTODIAL STATEMENTS

NOTED: February 4, 2000
[Evidentiary Hearing Requested]

COMES NOW the defendant, Ahmed Ressam, by his attorneys, Thomas W. Hillier, II, Michael Filipovic and Jo Ann Oliver, and moves this Court for an order suppressing all evidence of statements made by Mr. Ressam both before and after he invoked his constitutional right to remain silent.  As part of this motion, Mr. Ressam requests that the government inform the defense and the Court of what statements it intends to use in its case against Mr. Ressam.  Mr. Ressam further requests a hearing to determine the voluntariness of any statements attributed to him.

This motion is based on the Fifth Amendment privilege against self-incrimination and right to counsel, Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny; Title 18, U.S.C. §

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OF ALL CUSTODIAL STATEMENTS  - 1 -
(AHMED RESSAM)

FEDERAL PUBLIC DEFENDER
1111 Third Avenue, Suite 1100
Seattle, Washington  98101
(206) 553-1100

3501; Fed. R. Crim. P. 5(a); County of Riverside v. McLaughlin, 500 U.S. 44, 53 (1991); the attached affidavit and memorandum of counsel in support of this motion, all the files and records herein, and any evidence or argument offered at the time of the hearing of this motion.

We further request an evidentiary hearing to produce evidence bearing on these issues pursuant to Title 18, U.S.C. § 3501(a).  See Sims v. Georgia, 385 U.S. 538, 543-44 (1967); Jackson v. Denno, 378 U.S. 368, 376-77 (1964).

DATED this 21st day of January, 2000.

Respectfully submitted,

Thomas W. Hillier, II
Federal Public Defender
Attorney for Ahmed Ressam

Michael Filipovic
Assistant Federal Public Defender
Attorney for Ahmed Ressam

Jo Ann Oliver
Assistant Federal Public Defender
Attorney for Ahmed Ressam

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OF ALL CUSTODIAL STATEMENTS  - 2 -
(AHMED RESSAM)

FEDERAL PUBLIC DEFENDER
1111 Third Avenue, Suite 1100
Seattle, Washington  98101
(206) 553-1100

## AFFIDAVIT OF JO ANN OLIVER
## IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE OF STATEMENTS

STATE OF WASHINGTON      )
                               : ss
COUNTY OF KING           )

I, Jo Ann Oliver, being first duly sworn and upon my oath, depose and say:

1.    I am an attorney licensed to practice law in the State of Washington and admitted to the bar of this Court. I am an Assistant Federal Public Defender in the Western District of Washington. The Federal Public Defender was appointed to represent Mr. Ressam in the above-captioned cause. I make this affidavit upon information and belief for the purposes of this motion and in my capacity as one of the attorneys for Mr. Ressam. This affidavit is based on my review of law enforcement reports provided, investigation of the facts of the case, and verbal information from the government at the discovery conference in this matter held on January 5, 2000.

2.    Mr. Ressam is charged by indictment in this case with one count of knowingly making a false material statement to a U.S. Customs Service (USCS) inspector in a Customs declaration in violation of Title 18, U.S.C. § 1001; knowingly and fraudulently bringing into the United States merchandise contrary to law in violation of Title 18, U.S.C. § 545; knowingly transporting and shipping explosives in interstate and foreign commerce without a license in violation of Title 18, U.S.C. §§ 842(a)(3)(A) and 844(a); knowingly possessing a firearm, that is, a destructive device, in violation of Title 26, U.S.C. §§ 5841, 5861(d), and 5871; and knowingly carrying an explosive during the commission of a felony in violation of Title 18, U.S.C. § 844(h)(2).

3.    According to the Complaint, on December 14, 1999 at approximately 6:00 p.m., Mr. Ressam drove a rented Chrysler off the ferryboat "Coho" from Victoria, British Columbia, Canada, and entered the United States at Port Angeles, Washington. USCS inspectors directed Mr. Ressam to a secondary Customs examination area and requested that

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OF ALL CUSTODIAL STATEMENTS   - 3 -
(AHMED RESSAM)

FEDERAL PUBLIC DEFENDER
1111 Third Avenue, Suite 1100
Seattle, Washington 98101
(206) 553-1100

Mr. Ressam get out of his car.

4.    The Complaint further states that the USCS inspectors began to search the trunk of Mr. Ressam's car. In the spare tire well of the trunk of the car, inspectors found ten plastic bags which contained approximately 118 pounds of a white powder, two plastic bags which contained about 14 pounds of a crystalline powder, two 22-ounce jars, each about three-quarters full of a yellowish liquid, and four small black boxes which each contained a circuit board connected to a Casio watch and a nine-vault battery connector.

5.    According to the Complaint, when USCS inspectors began to escort Mr. Ressam away from his car, Mr. Ressam physically broke free from the inspectors and tried to flee from the area. After a chase of several blocks, the inspectors tackled Mr. Ressam and took him into custody.

6.    In discovery provided by the government to Mr. Ressam, there is a short USCS report and a Federal Bureau of Investigation (FBI) report which relates to the advice of rights given to Mr. Ressam in this case.

7.    The Complaint indicates that Mr. Ressam drove off the ferryboat at approximately 6:00 p.m. on December 14, 1999.

8.    According to the USCS report, Customs Inspector Chapman advised Mr. Ressam of his rights per Miranda at approximately 6:22 p.m. on December 14, 1999.

9.    The USCS report indicates that USCS SA Calonita advised Mr. Ressam of his rights at approximately 11:41 p.m. on December 14, 1999. Up to that time, Mr. Ressam was able to give a name and birthplace, but indicated he could not speak English and did not understand his rights. A few minutes after the oral advice of rights in English, a "rights card" in English was given to Mr. Ressam who indicated he still could not understand. FBI SA Patrick Gahan and Bureau of Alcohol, Tobacco and Firearms (ATF) SA Dan Melhaff, among other agents, were present.

///

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OF ALL CUSTODIAL STATEMENTS   - 4 -
(AHMED RESSAM)

FEDERAL PUBLIC DEFENDER
1111 Third Avenue, Suite 1100
Seattle, Washington 98101
(206) 553-1100

10. According to the FBI report, at approximately 12:50 a.m. on December 15, 1999, FBI SA Frederick Humphries spoke with defendant via a speaker telephone in order to provide an English and French language translation of the advice of rights. By this point in time, a written advice of rights in French had been obtained and given to Mr. Ressam. After reading the French language advice of rights, Mr. Ressam acknowledged he understood his rights and then stated he did not want to talk to the interviewing agents. The interview was immediately terminated. Later, while waiting for a U.S. Border Patrol agent, Mr. Ressam commented to the interviewing agent that he wanted to speak with an "avocat" (lawyer).

11. Mr. Ressam was taken to the Clallam County Jail where he spent the remainder of the night.

12. Some time early in the day of December 15, 1999, Mr. Ressam was taken out of the Clallam County Jail to the United States Border Patrol (USBP) office in Port Angeles. Later that day, he was escorted back to the Clallam County Jail where he evidently remained until the morning of December 17, 1999.

13. The morning of December 17, 1999, he was flown to SeaTac, Washington and booked into the Federal Detention Center. His initial appearance before the Magistrate Judge in this matter occurred on that afternoon.

14. After Mr. Ressam was brought from the Federal Detention Center in SeaTac, Washington, to the United States Marshal's Service (USMS) lockup in the courthouse in Seattle, Michael Filipovic and Thomas W. Hillier, II met with Mr. Ressam in an interview room of the USMS lockup to begin an interview in preparation for the initial appearance scheduled for later that afternoon. Mr. Filipovic and Mr. Hillier had earlier spoken to personnel in the USMS in the Seattle courthouse and to the Magistrate Judge on duty to say they wanted to be present at any interview, including routine booking procedure, conducted by the USMS deputies of Mr. Ressam. As Mr. Filipovic and Mr. Hillier were beginning their interview of Mr. Ressam in the USMS interview room, a USMS deputy entered and removed

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OF ALL CUSTODIAL STATEMENTS   - 5 -
(AHMED RESSAM)

FEDERAL PUBLIC DEFENDER
1111 Third Avenue, Suite 1100
Seattle, Washington 98101
(206) 553-1100

Mr. Ressam in order to ask questions and proceed with their booking procedure and to use the English/Arabic interpreter who was present. Mr. Filipovic and Mr. Hillier were not allowed to be present.

15. On January 5, 2000, three attorneys and an investigator from the Federal Public Defender's Office met at the United States Attorney's Office with three Assistant United States Attorneys and two federal agents for a discovery conference in this matter. A general oral reconstruction of the events surrounding the arrest of Mr. Ressam and subsequent contacts by law enforcement officials with Mr. Ressam were described by the government at the discovery conference. The government indicated that on the evening of December 14, 1999, USCS SA Michael Calonita interviewed Mr. Ressam and was able to obtain biographical information without an interpreter. The government indicated that a redacted copy of this interview would be provided later.

16. At the discovery meeting, the government indicated that they believed that agents of the Immigration and Naturalization Service (INS) talked to Mr. Ressam through an interpreter. The government indicated that it would look into the existence of a report on the oral statements made by Mr. Ressam at this time. As of the date of this affidavit, no report has been received by the defense.

17. At the discovery conference, there was some indication that, after Mr. Ressam had been taken to the Clallam County Jail and then had been transported to the USBP office in Port Angeles, Washington, there was an exchange between Mr. Ressam and agents of the ATF, FBI and USCS regarding Mr. Ressam's right to speak with the Algerian Consulate.

18. Much of the oral information presented at the discovery conference regarding Mr. Ressam's statements was tentative.

19. Mr. Ressam appeared in district court on December 17, 1999 on the 2:30 p.m. initial appearance calendar. At that time, he was charged by complaint with transporting explosives in interstate and foreign commerce and false statements to a U.S. Customs

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OF ALL CUSTODIAL STATEMENTS  - 6 -
(AHMED RESSAM)

FEDERAL PUBLIC DEFENDER
1111 Third Avenue, Suite 1100
Seattle, Washington 98101
(206) 553-1100

inspector on December 14, 1999.  More than three days elapsed between his arrest and his initial appearance.

The foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 21st day of January, 2000.

JO ANN OLIVER

SUBSCRIBED and SWORN to before me this 21st day of January, 2000.

Rosa M. Menéndez
NOTARY PUBLIC in and for the State of Washington
Residing at: __Seattle, WA__
My appointment expires: __8/29/01__

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OF ALL CUSTODIAL STATEMENTS  - 7 -
(AHMED RESSAM)

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2000, I caused to be hand delivered a copy of DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OF ALL CUSTODIAL STATEMENTS, AFFIDAVIT OF JO ANN OLIVER, MEMORANDUM OF AUTHORITIES in support of motion, and proposed ORDER, to:

Francis J. Diskin
Chief Assistant U.S. Attorney
601 Union Street, Ste. 5100
Seattle, Washington 98101

Andrew Hamilton
Assistant U.S. Attorney
601 Union Street, Ste. 5100
Seattle, Washington 98101

Steven Gonzalez
Assistant U.S. Attorney
601 Union Street, Ste. 5100
Seattle, Washington 98101

DATED this 21st day of January, 2000.

Rosa M. Menéndez

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OF ALL CUSTODIAL STATEMENTS   - 8 -
(AHMED RESSAM)