# ATTACHMENT 1



**U.S. Departr.    t of Justice**

*United States Attorney*
*Western District of Washington*

---

*Please reply to:*
*Francis J. Diskin*
*United States Attorney*
*Direct Line: (206) 553-1657*

*601 Union Street, Suite 5100*
*Seattle, Washington 98101-3903*
*www.usdoj.gov/usao/waw*

*Tel:  (206) 553-7970*
*Fax:  (206) 553-2054*

June 22, 2001

Thomas W. Hillier II
Federal Public Defender
1111 Third Avenue, Suite 1100
Seattle, Washington  98101

> Re:    United States v. Ressam
>        No. CR99-666C, USDC, W.D. Washington

Dear Mr. Hillier:

This is to memorialize our recent discussions regarding Mr. Ressam's ongoing efforts to cooperate with law enforcement in the hopes of earning a motion for a downward departure pursuant to U.S.S.G. 5K1.1.  As you are well aware, federal agents have been meeting with your client since shortly after May 9, 2001, based on the understanding we had reached as detailed in my letter of that date.

I understand your wish for a more definite statement from the government regarding benefits which your client can expect should he continue to cooperate with law enforcement and intelligence agencies and testify in New York in the Mokhtar Haouari trial and at any other proceedings at the request of the United States.  Accordingly, here is my proposal:

(1)    Mr. Ressam shall truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which my office or the U.S. Attorney's Office for the Southern District of New York (hereafter referred to as "the offices") inquire of him, which information can be used for any purpose;

(2)    Mr. Ressam shall cooperate fully with the offices, the Federal Bureau of Investigation, including the Joint Terrorist Task Force, and any United States Government agency or foreign law enforcement authority designated by the U.S. Attorney's Office for the Western District of Washington or the U.S. Attorney's Office for the Southern District of New York;

(3)    Mr. Ressam shall attend all meetings at which the offices request his presence;

Thomas W. Hillier II
June 22, 2001
Page 2

(4)    Mr. Ressam shall provide to the U.S. Attorney's Office for the Western District of Washington or the U.S. Attorney's Office for the Southern District of New York, upon request, any document, record, or other tangible evidence relating to matters about which the offices or any designated United States Government agency inquires of him;

(5)    Mr. Ressam shall truthfully testify before the grand jury and at any trial and other court proceeding with respect to any matters about which the U.S. Attorney's Office for the Western District of Washington or the U.S. Attorney's Office for the Southern District of New York may request his testimony, including but not limited to the trial of United States v. Mokhtar Haouari and any future prosecutions brought in connection with the participation by Ressam and others in Canada, Afghanistan, and elsewhere in a conspiracy to kill United States nationals;

(6)    Mr. Ressam shall bring to the attention of the U.S. Attorney's Office for the Western District of Washington and the U.S. Attorney's Office for the Southern District of New York all crimes which he has committed, and all administrative, civil, or criminal proceedings, investigations, or prosecutions in which he has been or is a subject, target, party, or witness; and

(7)    Mr. Ressam shall commit no further crimes whatsoever. Moreover, any assistance Ressam may provide to federal criminal investigators shall be pursuant to the specific instructions and control of the offices and designated investigators.

The United States Attorney's Offices in the Western District of Washington and the Southern District of New York agree not to prosecute Mr. Ressam for any other criminal offenses based upon the evidence known to the government as of the date of this agreement;

If Mr. Ressam is called as a witness for the United States in the trial of Mokhtar Haouari and testifies fully and truthfully, and in the assessment of the government has provided substantial assistance to the United States in that prosecution, and if Mr. Ressam complies with the other terms of this agreement the United States agrees to file a motion pursuant to 5K1.1 of the Sentencing Guidelines.

Should it be determined by the government that Mr. Ressam has violated any provision of this agreement, the government will have the right to withdraw from this agreement.

The parties understand that if it is determined by the offices that Mr. Ressam has rendered substantial assistance, the government nevertheless will not file a motion pursuant to Title 18, United States Code, Section 3553(e) and, thus, Ressam continues to have a mandatory minimum of sentence of 10 years' imprisonment. Further, the parties stipulate and agree that if the

Thomas W. Hillier, II
June 22, 2001
Page 3

government files a downward departure motion, pursuant to U.S.S.G. 5K1.1, in view of the defendant's crime and notwithstanding any assistance provided by Ressam, the government and the defense will jointly recommend that the defendant be sentenced to a term of imprisonment of not less than twenty-seven (27) years. That is, while either party may recommend a sentence not less than twenty-seven (27) years, the government may recommend a sentence in excess of twenty-seven (27) years up to the high end of the applicable guideline range. Mr. Ressam acknowledges that the statutory maximum penalty for the offenses for which is to be sentenced is imprisonment for one hundred and thirty (130) years and that the Court is not bound to sentence based upon the recommendation of either the government or the defense. Further, even if the government files a 5K1.1 motion based on Mr. Ressam's substantial assistance, the Court has the discretion to reject that motion and sentence Mr. Ressam up to the statutory maximum.

The government will inform the Probation Department and the court of (a) this agreement; (b) the nature and extent of Ressam's activities with respect to this case and all other activities of Ressam which the offices deem relevant to sentencing; and (c) the nature and extent of Ressam's cooperation with the offices. In so doing, the offices may use any information it deems relevant, including information provided by Ressam both prior to and subsequent to the signing of this agreement. Ressam also hereby consents to reasonable adjournments of his sentence as may be requested by the offices.

If Mr. Ressam wishes to take advantage of this suggested disposition, please signify by having your client affix his signature, along with that of defense counsel, to this letter and returning it to me promptly.

Sincerely,

FRANCIS J. DISKIN
United States Attorney

AHMED RESSAM
Defendant

THOMAS W. HILLIER, II — Jo Ann Oliver
Attorney for Defendant

Translated by:
WALID B. FARHOUD (ARABIC Interp.)
6-23-2001